**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAMCO INC., ET AL.,** | ) | **CASE NO.1:09CV286** |
| | ) | |
| Appellants, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **GREAT LAKES CRUSHING, LTD., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Appellees. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Appellants Samco, Inc., Ohio River Works Real Estate, LLC, and Timothy Gleason's appeal from the December 9, 2009 Order of the Bankruptcy Court denying Appellants' Motion to Deem the Carl Schloss Option as Rejected. For the following reasons, the Court affirms the Bankruptcy Court's denial of Appellants' Motion.

Appellants contend the Bankruptcy Judge erred in denying their Motion to Deem the Carl Schloss Option as Rejected by the trustee because the Option was an executory contract pursuant to 11 U.S.C. § 365 of the bankruptcy code. Furthermore, under 11 U.S.C. § 365(d)(1), the Option is considered rejected by the trustee when he fails to assume or reject the executory

1

contract within sixty days of the trustee receiving notice of the existence of the executory contract. The time having run according to Appellants, the bankruptcy code requires the executory contract be deemed as rejected by the trustee.

Appellee Trustee contends the Bankruptcy Court Judge correctly determined the Option purchase was not an executory contract because there are no unperformed obligations on both sides. Therefore, it remains property of the bankruptcy estate and has not been rejected. Furthermore, the Trustee contends the Option has no value because no one wants to buy it.

**Standard of Review**

Pursuant to 28 U.S.C. § 158(a), the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of court, from interlocutory orders and decrees of bankruptcy judges. In reviewing a bankruptcy proceeding, "the district court reviews the bankruptcy court's conclusions of law de novo and upholds its findings of fact unless they are clearly erroneous." *In re: Made in Detroit, Inc*., 414 F. 3d 576, 580 (6th Cir. 2005); quoting *255 Park Plaza Assocs. Ltd. P'ship v. Conn. Gen Life Ins. Co.* (*In re 255 Park Plaza Assocs. Ltd. P'Ship*), 100 F. 3d 1214, 1216 (6th Cir. 1996)

**Analysis**

11 U.S.C. § 365(a) states:

> (a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

The Sixth Circuit has acknowledged that "Congress did not provide the courts with a definition of 'executory contracts' " in the context of 11 U.S.C. § 365. *In re Jolly,* 574 F.2d 349, 350 (6th Cir.1978). Therefore, it has been left to the courts to define executory contract.

A popular definition of executory contract was provided by Professor Vern Countryman and has been adopted by several courts. The Countryman test defines an executory contract as, "a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *In re Magness,* 972 F.2d 689, 694 (6th Cir.1992), (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 460 (1973)). The Sixth Circuit has cited to and has found the Countryman test, "helpful but not controlling in the resolution of what is an executory contract." *Id.* Instead, the Sixth Circuit determined that the "key" to determining whether a contract is executory, "is to work backward, proceeding from an examination of the purposes rejection is expected to accomplish. If those objectives have already been accomplished, or if they can't be accomplished through rejection, then the contract is not executory within the meaning of the Bankruptcy Act." *Jolly,* 574 F.2d at 351. This examination has come to be known as the functional approach. See *Phar-Mor, Inc., v. Strouss Building Associates, et al.,* 204 B.R. 948, 952 (N.D. Ohio 1997). "Under the functional approach, courts must 'look first at the results which would obtain if the contract were held to be executory.'" *Id.*, quoting *In re Sentle Trucking Corp.,* 93 B.R. 551, 557 ( Bankr. N.D. Ohio 1988). The court in *Phar-Mor* went on to say, "Generally, a court should find the contract executory if such a determination allows the debtor to reject a burdensome or unfavorable contract." *Id.*

When the Sixth Circuit has applied these tests in examining whether a contract was executory or not they have focused on whether the "contracts involve obligations which continue into the future." Furthermore, with respect to executory contracts, the Sixth Circuit has

3

concluded, "[g]enerally they are agreements which include an obligation for the debtor to do something in the future." *Jolly,* 574 F.2d at 351. Therefore, if the contracts involve some future obligation of the debtor they are generally an executory contract.

Here, the "contract" is a handwritten, single page document, unsigned by the debtor, stating in its entirety:

> The undersigned does hereby grant an option to Carl Schloss for $100.00(hundred dollars) to purchase 10% (ten percent) of Samco and 10% (ten percent) in Ohio River Works Real Estate LLC. In addition Carl Schloss can increase his ownership by 10% (ten percent) in both entities after sub debt (i.e. investor contribution) has been repaid.

The "contract" is dated July 22, 2004. Debtor Carl Schloss filed for voluntary chapter 7 bankruptcy on May 25, 2005, making the "contract" a prepetition contract. There is no dispute Debtor failed to list the Option contract on his schedule of assets. Debtor assigned the Option postpetition to Great Lakes Crushing, Ltd. On December 9, 2008, the Bankruptcy Court held a hearing on Appellants' Motion to Deem the Carl Schloss Option as Rejected. At the conclusion of the hearing, the Bankruptcy Court Judge denied the Motion holding:

> Inasmuch as 365(d)(1) speaks to executory contracts which neither party refutes, executory contracts, by definition, consist of those contracts where there are unperformed obligations on both parties, on the side of both parties. We don't have that here. Until the option is exercised, which clearly is in a position of not having been exercised at this point, we don't have a situation where there's been arise [sic] given to any unperformed obligations that are corresponding on the part of the parties, therefore, the subject option could not be the subject of an executory contract as is addressable under Section 365(d)(1). On that basis, the motion to have this Court deem rejected the subject option contract is not well-premised and is hereby denied.

(ECF #4-9, Appellant's Exhibit I, pg. 13-14).

This Court agrees with the Bankruptcy Court and finds the Option is not an executory contract as it contains no unperformed, future obligation of the debtor. The Option grants

4

Debtor the right to purchase 10% ownership interests in Samco and Ohio River Works, it does not obligate Debtor to do so. Thus, there is no future unperformed obligation compelling the Debtor to purchase such ownership interest. The Debtor may never exercise the Option and such failure would not be a breach of the terms of the Option purchase. Furthermore, Appellants have not pointed this Court to any statute or case law demonstrating such obligation on the part of the Debtor. Therefore, the Court affirms the decision of the Bankruptcy Court and finds the Option is not an executory contract and therefore, is not deemed rejected.

     IT IS SO ORDERED.

                                 S/Christopher A. Boyko
                                 CHRISTOPHER A. BOYKO
                                 United States District Judge

October 28, 2009